IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                Plaintiff,

v.                                                OPINION and ORDER

PETER HUIBREGTSE and                         21-cv-346-jdp
GARY BOUGHTON,

                Defendants.

---

Plaintiff Titus Henderson, appearing pro se, is an inmate at Green Bay Correctional Institution. I screened Henderson's complaint and granted him leave to proceed against high-level supervisors Peter Huibregtse and Gary Boughton for failing to intervene in staff repeatedly giving him retaliatory conduct reports and denying him due process in disciplinary hearings, and a claim against Boughton for placing him in administrative confinement despite knowing about the problems with his underlying disciplinary convictions. Dkt. 13. I denied him leave to proceed on individual sets of claims about each of the 30 alleged retaliatory conduct reports he received and against 30 additional defendants he named in the caption of his complaint. Virtually all of those events were outside the six-year statute of limitations and under Federal Rule of Civil Procedure 21, the court had the authority to sever the claims regarding individual conduct reports because it would be unwieldy to allow Henderson to bring multiple claims against so many different defendants in a single case. *Id.* at 5–6.

**A. Henderson's motion for reconsideration of the screening order**

Henderson has filed a document that he calls an "objection" to my screening order. Dkt. 14. Henderson argues that it was improper for me to "rewrite" his complaint to construe him as bringing claims that he did not plead. Dkt. 14, at 2. He states that he will "NOT defend

a losing failure-to-intervene claim that favors defendants," and instead he wishes to proceed on various sets of claims against defendants that he included in his original complaint. *Id.* at 1–2, 5. Because Henderson states that he "will not defend" the claims on which I allowed him to proceed, I will consider those claims abandoned. Henderson's discussion of the claims he wishes to bring in this lawsuit includes allegations that he did not make in his original complaint. So in addition to considering his submission as a motion for reconsideration of my screening order, I will also treat it as a supplement to his complaint.

Henderson provides allegations against Huibregtse, Boughton, and other supervisory officials more focused than those in his original complaint. He now alleges that a group of supervisory defendants from his original complaint—Tim Haines, Gary Boughton, Gary Hamblin, Richard Schneiter, Ellen Ray, Peter Huibregtse, Captain Brown, and Lieutenant Tom—drafted memos directing staff to retaliate against inmates who filed grievances. I will grant Henderson leave to proceed on retaliation claims against these defendants for authoring a retaliatory policy.

The remainder of Henderson's new allegations are vague but they appear to have the same problems as the bulk of his allegations in the original complaint. Henderson states that additional groups of defendants (with some overlap with the previous group) directed staff to issue false, retaliatory conduct reports against him and then deprived him of notice of some of those proceedings. But I have already explained to Henderson that he cannot bring in this single lawsuit claims about alleged misdeeds in each of the 30 disciplinary proceedings discussed in his original complaint. I will deny Henderson's motion to reconsider that conclusion. This case will be limited to claims about the establishment of the alleged retaliatory policy and will not include claims for each separate instance that policy was carried out. At this

point Henderson does not specifically allege who created the policy of denying him notice of disciplinary proceedings or other due process rights, and he has abandoned his claim against Boughton for placing him in administrative confinement despite knowing about the due process problems with his underlying disciplinary convictions, so Henderson may not proceed on any due process claims.

**B.  Boughton's motion for judgment on the pleadings**

Defendant Boughton has filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Boughton argues that the case must be dismissed as untimely, arguing that Henderson filed his complaint on May 20, 2021, more than six years after the final disciplinary proceeding mentioned in the complaint—May 17, 2015. At the time of the events in question, the statute of limitations for a claim brought under 42 U.S.C. § 1983 in Wisconsin was six years. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010).

Henderson filed his brief opposing the motion for judgment on the pleadings after his June 1, 2022 deadline for doing so. Boughton followed by filing a motion to strike that brief as untimely. Dkt. 28. I will deny the motion to strike as unnecessary because none of Henderson's arguments for opposing dismissal are persuasive.

Nonetheless, I will deny Boughton's motion for judgment on the pleadings without prejudice for two reasons. First, it is not clear from the face of the complaint that it is untimely. Henderson's complaint states that he "Submitted [it] For E-Filing" on May 10, 2021, less than six years after his May 17, 2015 disciplinary proceeding. *See Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015) (under "mailbox rule," prisoner submission is deemed filed with court when he gives submission to prison officials for mailing). Second, this order modifies the claims under which I am allowing Henderson to proceed. But his May 17, 2015 disciplinary hearing

3

still appears to be the final time that he alleges defendants' retaliatory policy was invoked to harm him. Defendants may renew their motion to account for Henderson's new claims, but it seems likely that their statute of limitations argument cannot be resolved without the submission of evidence about precisely when Henderson submitted his complaint for e-filing, in which case the motion will need to be presented as one for summary judgment. I will allow Boughton to file a motion for summary judgment on the timeliness issue without forfeiting the opportunity to file a later motion for summary judgment on the substantive merits of the case.

### C. Suggestion of Huibregtse's death

The Wisconsin Department of Justice has informed the court that defendant Huibregtse is deceased. The court granted defendant Boughton's motion to stay the deadlines to identify the proper party to be substituted for Huibregtse and to serve that person with notice of Huibregtse's death under Federal Rule of Civil Procedure 25, pending resolution of the motion for judgment on the pleadings. I have now denied the motion for judgment on the pleadings but I will continue the stay on the state defendants' obligations under Rule 25. That stay will end upon the state defendants' filing of their responsive pleading to Henderson's new claims unless they file a motion to extend that stay.

Henderson filed a motion for substitution under Rule 25. Dkt. 20. But I will deny that motion because in it Henderson asks more generally to reconsider the claims under which he may proceed, not to replace Huibregtse with a specific successor in interest.

ORDER

IT IS ORDERED that:

1. Dkt. 5 and Dkt. 14 together are now the operative complaint.

2. Plaintiff Titus Henderson is GRANTED leave to proceed on First Amendment retaliation claims against defendants Tim Haines, Gary Boughton, Gary Hamblin, Richard Schneiter, Ellen Ray, Peter Huibregtse, Captain Brown, and Lieutenant Tom.

3. Plaintiff's motion to reconsider my previous screening order, Dkt. 14, is DENIED.

4. Defendant Gary Boughton's motion to strike plaintiff's brief opposing defendant's motion for judgment on the pleadings, Dkt. 28, is DENIED.

5. Defendant Boughton's motion for judgment on the pleadings, Dkt. 21, is DENIED without prejudice.

6. The state defendants' suggestion-of-death deadlines remained STAYED pending their submission of a new responsive pleading.

7. Plaintiff's motion for substitution, Dkt. 20, is DENIED.

Entered September 2, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge