IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                              Plaintiff,

            v.                                                OPINION and ORDER

TIM HAINES, GARY BOUGHTON,
GARY HAMBLIN, RICHARD SCHNEITER,                              21-cv-346-jdp
ELLEN RAY, PETER HUIBREGTSE,
CAPTAIN BROWN, and LIEUTENANT TOM,

                              Defendants.

---

Plaintiff Titus Henderson, appearing pro se, is an inmate at Green Bay Correctional Institution. Henderson alleges that prison supervisors drafted memos directing staff to retaliate against inmates who filed grievances, which led to him being issued dozens of retaliatory conduct reports. Several matters are before the court.

## A. Consent to process legal mail

This court's order extending defendants' time to answer Henderson's amended complaint, Dkt. 31, was returned to the court as refused by plaintiff. The state informed the court that Henderson refused to sign a DOC form in which he would consent to have incoming mail processed by institution mail services or the DOC's outside vendor. I gave Henderson a chance to respond, either confirming that he had signed the consent form or showing cause why he should not be required to. Dkt. 39.

Henderson has responded, stating that one of the assistant attorneys general representing defendants in this case instructed a non-defendant prison official to falsely report that Henderson refused to sign the consent form. Dkt. 40. He states that he was never presented with a consent form, although he had signed similar consent forms in years past. He

has also filed a motion for sanctions against defendants for lying about this issue, adding that he has also filed a new lawsuit about these and other events regarding the DOC's mail policies harming him. *See Henderson v. TextBehind*, No. 23-cv-2-jdp (W.D. Wis.).

Henderson doesn't actually explain whether he has now signed the current version of the consent form, but the underlying problem with his mail appears to have been ironed out, as it is clear from Henderson's submissions in this and other cases that he is now receiving court orders and defendants' filings.

I will deny Henderson's motion for sanctions. Henderson doesn't explain how he would have personal knowledge of counsel's conversations with prison officials about his mail, and there is nothing in the record showing that counsel told others to falsify evidence. And it appears that he hasn't suffered any prejudice from the events; he is now receiving mail. He does ask for a copy of the court's September 2, 2022 order, Dkt. 29, which I will direct the clerk of court to send him. Henderson's complaints about how prison staff have interfered with his mail properly belong in a separate lawsuit, which he has already filed.

**B. Statute of limitations**

Henderson alleges that from 2003 to 2015, prison officials repeatedly gave him retaliatory conduct reports. Henderson filed his original complaint in this case in May 2021. Defendant Boughton filed a motion for judgment on the pleadings arguing that Henderson's claims were untimely because he filed his complaint more than six years after the last alleged retaliatory conduct report. At the time of the events in question, the statute of limitations for a claim brought under 42 U.S.C. § 1983 in Wisconsin was six years. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010). I denied that motion in part because Henderson asserted that he had submitted his complaint for e-filing under the "prison mailbox rule" before the

six-year statute of limitations had passed. *See* Dkt. 29. I stated that the statute of limitations argument likely could not be resolved without the submission of evidence, but that I would allow Boughton to file a motion for summary judgment on the timeliness issue without forfeiting the opportunity to file a later motion for summary judgment on the substantive merits of the case. *Id.*

Defendants have now filed a motion for summary judgment on the timeliness issue, although they no longer argue that the exact date of plaintiff's original complaint matters. Rather, they contend that four of the defendants (Schneiter, Huibregtse, Haines, and Hamblin) must be dismissed from the case because they all left the employ of the Department of Corrections by March 2014, more than seven years before Henderson filed his complaint. Henderson's claim against each of these defendants is that they drafted memos directing staff to retaliate against inmates who filed grievances.

Henderson does not dispute the employment dates provided by defendants, but he argues that all of his claims against all defendants should be treated together as timely under the "continuing violation doctrine." *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). Defendants argue that this doctrine "does not save an otherwise untimely suit when 'a single event gives rise to continuing injuries' because in such a case 'the plaintiff can bring a single suit based on an estimation of his total injuries.'" *Clark v. City of Braidwood,* 318 F.3d 764, 767 (7th Cir. 2003) (quoting *Heard*, 253 F.3d at 319).

*Clark* is instructive here. In that case, the court of appeals concluded that the continuing violation doctrine did not apply to a plaintiff's claims for "continuing trespass" by a developer who installed sewer and water pipes on property the plaintiff had planned to develop. The defendant argued that the two-year statute of limitations should apply because the plaintiff

alleged that the trespassing pipes were installed four years before filing of the complaint. The court concluded that the continuing violation doctrine didn't apply to the case because the plaintiff "allege[d] one discrete incident of unlawful conduct—the installation of the pipes on his land." *Id.* But the court nonetheless reversed the district court's dismissal of the case on statute of limitations grounds because it was not apparent from the record when the plaintiff discovered his injury. *Id.*

Here, neither side has submitted proposed findings of fact detailing precisely when each of the defendants issued memos directing staff to retaliate against inmates who filed grievances, or how each of the particular conduct reports at issue here was influenced by those memos. So I cannot tell for certain whether the facts here are similar enough to the facts of *Clark* for purposes of applying the continuing violation doctrine. But even if it were clear that the continuing violation doctrine did not apply, it does not follow that the defendants who left DOC employee by 2014 are off the hook. As in *Clark*, the remaining question would be whether the discovery rule or similar rules like equitable tolling would apply. Defendants do not address these issues in their summary judgment motion, so I conclude that they've failed to meet their burden to show that summary judgment is appropriate. I will deny their motion. Nothing in my analysis precludes defendants from providing a more robust discussion of the statute of limitations and associated issues if they file a subsequent motion for summary judgment on substantive grounds.

I will direct the clerk of court to set a scheduling conference with Magistrate Judge Stephen Crocker to set a dispositive motions deadline and the remainder of the schedule.

**C. Suggestion of death**

The Wisconsin Department of Justice has informed the court that defendant Huibregtse is deceased. The court previously granted defendants extensions of the deadline identify to the proper party to be substituted and serve that individual with the notice. Defendants ask for another extension until the court rules on an eventual motion for summary judgment on the merits. But that's too long to wait. I've already allowed an early summary judgment round and there will be only one more round. Huibregtse's successor is entitled to litigate the case at the same time as the other defendants.

The proper successor party is "the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008). Once that occurs, Henderson will have 90 days to file a motion for substitution. Alternatively, the Department of Justice may wish to follow the approach from other cases, in which the department has entered into a stipulation with the plaintiff, agreeing to pay any damages that may be awarded in the case against the deceased defendant. *See, e.g.*, *Bergeron-Davila v. Parenteau*, No. 17-cv-729-jdp (W.D. Wis.), Dkt. 37; *LaBrec v. Meeker*, No. 17-cv-485-jdp (W.D. Wis.), Dkt. 32-2.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for sanctions, Dkt. 42, is DENIED.

2. Defendants' motion for summary judgment on statute of limitations grounds, Dkt. 43, is DENIED.

3. Defendants' motion for an extension of time to serve a suggestion of death, Dkt. 48, is DENIED.

4. Defendants may have until August 7, 2023, to do one of the following things: (1) serve the proper party with the suggestion of death of defendant Huibregtse and file proof of service; (2) file a stipulation with plaintiff regarding how the claim against Huibregtse will proceed; or (3) show cause why they was unable to do either (1) or (2).

5. The clerk of court is directed to send plaintiff a copy of Dkt. 29.

6. The clerk of court is directed to set a scheduling conference before Magistrate Judge Stephen Crocker.

Entered June 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge