IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                      Plaintiff,

   v.

MATTHEW FRANK, JONNI SHANNON-SHARPE,         OPINION and ORDER
SARA MASON, DAVID GARDNER,
LEBBEUS BROWN, STACEY HOEM, ELLEN RAY,         19-cv-264-jdp[1]
ANTHONY MELI, SGT. MURIZEWCIE,
JEROME SWEENEY, L.J. SWANDT,
and RICK RAEMISCH,

                      Defendants.

---

Plaintiff Titus Henderson, appearing pro se, is incarcerated at Green Bay Correctional Institution. The order concerns a series of filings in four of Henderson's pending cases in this court

The main issue in these filings concerns requests by both Henderson and the state defendants seeking judgment in their favor as a sanction against the opposing party. Henderson contends that the assistant attorneys general representing the state defendants have ordered prison staff to confiscate or destroy his legal materials and other evidence. He seeks default judgment for spoliation of evidence or alternatively asks for an order compelling the state defendants to return his files and disclose various materials. The state defendants counter by seeking dismissal of these cases as a sanction for Henderson lying about counsel committing

---

[1] All docket citations are to Case No. 19-cv-264-jdp unless otherwise noted. The clerk of court is directed to also enter this order in Case Nos. 21-cv-346-jdp; 21-cv-347-jdp; and 21-cv-562-jdp.

misconduct connected to the alleged spoliation. In this order I will set an evidentiary hearing on those motions and I will address other motions filed by the parties.

A.  **Motions for sanctions**

This order concerns the following cases:

- No. 19-cv-264-jdp: Henderson alleges that Department of Corrections officials kept him in solitary confinement for several years without any out-of-cell recreation time.

- No. 21-cv-346-jdp: Henderson alleges that prison supervisors drafted memos directing staff to retaliate against inmates who filed grievances, which led to him being issued dozens of retaliatory conduct reports.

- No. 21-cv-347-jdp: Henderson alleges that prison staff withheld the majority of his meals over a several-year span, in part to retaliate against him for complaining about prison conditions.

- No. 21-cv-562-jdp: Henderson alleges that prison staff denied him Ramadan meals.

In the '264 case, the parties are currently litigating a motion to compel discovery filed by the state defendants. Dkt. 119. Henderson filed a motion for extension of time to respond to that motion, Dkt. 121, which I will grant. He ultimately responded by stating that counsel "confiscated [his] pending cases to stop responses." Dkt. 122, at 1. In all four of these cases he followed with motions for default judgment because of alleged spoliation of evidence. *See, e.g.*, Dkt. 123. In support, he has filed declarations stating that from March 12–14 and on April 5, 2023, Assistant Attorneys General Simcox, Paulson, and Remington directed Captain Cushing to confiscate his legal documents in these cases. *See, e.g.*, Dkt. 124. He states that Cushing explicitly told him about the directive from counsel. *Id.* He states that Simcox, Paulson, and Remington all came to Green Bay Correctional Institution (GBCI) on April 5 as part of this plan, and that Cushing told him that he gave his confiscated materials to counsel that day. *Id.* He has also filed motions asking for court orders directing prison staff to preserve

March 2023 video footage of prison staff and inmates entering his cell and destroying or confiscating his legal materials, April 5, 2023 footage of counsel in his restricted housing unit, and other evidence related to these four civil lawsuits and other pending cases. *See, e.g.*, Dkts. 127 and 138.

Counsel has responded by filing a motion to sanction Henderson for lying about counsel's and DOC staff's misconduct by dismissing each of these four cases. Dkt. 128. They submit declarations from Cushing, Simcox, Paulson, Remington, and others disputing Henderson's account. Dkts. 129–137. Counsel states that they did not set foot in GBCI during the relevant times and did not order the confiscation of legal materials. Cushing and other staff state that they did not confiscate Henderson's legal materials and were not told by counsel to do so. They produce am April 2023 cell-search log showing that Henderson's cell was the subject of random searches on April 3 and April 19 with no legal materials being taken. Dkt. 135-1. They do not produce a March 2023 log. They have also provided video footage of the hallway outside Henderson's cell on April 5, 2023, which does not show any cell search or confiscation of materials. It does show a group of non-uniformed people meeting in the hallway near Henderson's cell. *See* Dkt. 135-2 (placeholder entry for the April 5 footage), at 3:47:30. I take it that Henderson believes those people were Simcox, Paulson, and Remington, which they deny.

This court has the inherent authority to sanction any party or counsel for abuse of the litigation process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991) (court may issue sanction when party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation omitted)); *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015) ("Courts generally have an interest in both punishing a party's dishonesty and deterring

others who might consider similar misconduct."). Even the "'particularly severe'" sanction of default or dismissal can be appropriate if that sanction is "proportionate to the gravity of the offense." See *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008) (quoting *Chambers*, 501 U.S. at 45); *see also Sanders v. Melvin*, 25 F.4th 475, 481 (7th Cir. 2022) ("dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it" (internal quotation omitted)); *Boneck v. City of New Berlin*, 22 F. App'x 629, 630 (7th Cir. 2001) ("Spoliation that sabotages a strong case supports default judgment."). And although a court ordinarily warns a party to stop the offending behavior before dismissing a case, some misconduct is so egregious that a warning is not necessary before dismissal. *See Beasley v. Hicks*, No. 21-2317, 2022 WL 2828268, at *3 (7th Cir. July 20, 2022) (racial epithets, sexualized comments, and threats of violence were sufficient to sanction with immediate dismissal); *cf. Sanders*, 25 F.4th at 481 ("no one needs to be warned not to lie to the judiciary" (internal quotation omitted)).

Henderson has a history of accusing opposing counsel of misconduct. The court has generally brushed off those allegations as unsupported and immaterial to the substantive issues in the case, or noted that Henderson has ascribed to malice what can more easily be explained by simple error by counsel. *See, e.g.*, Dkt. 59 in the '346 case, 2023 WL 4174474 (W.D. Wis. June 26, 2023) (alleging without supporting evidence that counsel instructed a non-defendant prison official to falsely report that Henderson refused to sign a form consenting to receipt of incoming mail). *Henderson v. Jess*, No. 18-cv-713-jdp, 2021 WL 2894080, at *1 (W.D. Wis. July 9, 2021) ("Henderson does not persuasively show that counsel knowingly made a false statement, as opposed to a simple error.").

But now we've reached an impasse in these lawsuits, with Henderson stating that he can't prosecute his cases because counsel has instructed DOC staff to destroy or confiscate his legal materials. The state defendants contend that Henderson's materials have not been confiscated and that he has committed sanctionable misconduct by lying about their purported misconduct. I will hold an evidentiary hearing over videoconference to resolve these issues.

Before holding the hearing I will have the parties submit the list of witnesses and other evidence they intend to produce at this hearing. At minimum I expect that Henderson, Simcox, Paulson, Remington, and Cushing will testify. In advance of that deadline, I will direct Henderson to explain precisely what times on March 12–14, 2023, cell searches were carried out or there was otherwise evidence of Cushing or others interfering with his legal materials. The state defendants shall inform the court whether it has video footage for those specific times and allow Henderson access to those videos and the April 5 video that it has already submitted to the court. The state defendants should also submit a copy of the cell-search log for March 2023.

Edward Wall, who is still a defendant in the '347 case and is proceeding separately from the state defendants, is not required to submit any filings before the hearing.

**B.  Withdrawal of counsel**

Henderson has filed a motion to overrule Attorney Jennifer R. Remington's notices that she is withdrawing as counsel for the state defendants in the '347 and '562 cases. Dkt. 144. The court has already accepted those notices and Attorney Remington's withdrawal does not affect any of the parties' other motions regarding spoliation for sanctions. I will deny this motion.

## C. Motions to stay proceedings

The state defendants have filed a motion to stay discovery in the '346 case, Dkt. 77 in that case, which I will grant; discovery will be stayed until resolution of the spoliation and sanctions issues.

The two sets of defendants in the '347 case (the state defendants and Wall appearing separately) have filed a series of motions to stay the deadline to file exhaustion-based summary judgment motions. Dkts. 36–39. I will grant those motions and set a new deadline after resolution of the spoliation and sanctions issues.

The state defendants have filed a motion to stay the entire schedule in the '562 case pending resolution of Henderson's spoliation motion. Henderson does not oppose the motion. Defendants note that Henderson was non-responsive at his deposition in part because he says that all of his legal materials for that case were confiscated. I will grant that motion and reset the schedule after resolution of the spoliation and sanctions issues.

## ORDER

IT IS ORDERED that:

1. Plaintiff Titus Henderson's motion for extension of time to respond to the state defendants' motion to compel discovery, Dkt. 121, is GRANTED.

2. The clerk of court is directed to set a videoconference hearing to address the parties' motions regarding spoliation and sanctions.

3. Plaintiff may have until November 28, 2023, to submit a declaration explaining precisely what times on March 12–14, 2023, cell searches were carried out or there was otherwise evidence of Cushing or others interfering with his legal materials. The state defendants may have until December 12, 2023, to respond to plaintiff's filing as directed in the opinion above. Both sides have until December 22, 2023, to submit their witness and exhibit lists.

4. Plaintiff's motion to overrule Attorney Remington's notices of withdrawal, Dkt. 144, is DENIED.

5. The state defendants' motion to stay discovery in Case No. 21-cv-346-jdp, Dkt. 77 in that case, is GRANTED.

6. Defendants' motions to stay the deadline for exhaustion-based summary judgment motions in Case No. 21-cv-347-jdp, Dkts. 36–39 in that case, are GRANTED.

7. The state defendants' motion to stay the schedule in Case No. 21-cv-562-jdp, Dkt. 55 in that case, is GRANTED.

Entered November 7, 2023.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge